SALVADOR PERALES MIRANDA, demandante y apelante *v.* CELESTINO PERALES MIRANDA, demandado y apelado.

Núm. 8663.—*Sometido:* Diciembre 8, 1943. *Resuelto:* Febrero 17, 1944.

*Federico García Veve,* abogado del apelante; *Francisco Torres Aguiar,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El presente es un recurso de apelación entablado contra sentencia dictada por la Corte de Distrito de San Juan en un pleito de reivindicación, a favor del demandado. La opinión de la corte de distrito dice como sigue:

"Salvador Perales solicita se condene a su hermano Celestino a que le restituya cierta parcela de terreno, y una pequeña casa de madera que en ella enclava, alegando Salvador ser su dueño, y que Celestino la detenta sin título alguno. Celestino alega ser condueño de la propiedad.

"De la prueba aparece que la Iglesia Católica, dueña de cierto solar que lleva el número 404 en el plano de urbanización de la finca Capetillo en Río Piedras, lo arrendó. Desconocemos los términos del contrato de arrendamiento. Antonio Rosado adquirió por cesión los derechos del arrendatario. Celestino era empleado de Rosado, se enteró de que Rosado deseaba ceder sus derechos al solar, y vender una casa de madera en él enclavada (la que hoy ocupa el demandado), se lo hizo saber a Salvador, y el 7 de febrero de 1936 se otorgó un documento suscrito ante notario según el cual Rosado vendía la casa, y cedía sus derechos como arrendatario del solar, a Salvador, por el precio de $225, que se dice en el documento recibió el vendedor antes de su fecha. Poco después vino Celestino a ocu-

par la casa, la cual ha mejorado. Posteriormente, Salvador edificó otra casa, y un ranchón, en el solar. Cuando Celestino levantó unas columnas de concreto, con intención de añadir un segundo piso a la casa que ocupa, se opuso Salvador, y surgió la desavenencia entre los hermanos que ha culminado en este pleito. El 10 de octubre de 1940, o sea, después de iniciada la disputa, Salvador adquirió el dominio del solar de la Iglesia Católica.

"Existe un conflicto directo en la prueba en cuanto a la participación de Celestino en el contrato de febrero 7 de 1936. La prueba del demandante Salvador es al efecto de que él fué el único comprador, y el que pagó la totalidad del precio de venta. La prueba del demandado Celestino es al efecto de que él satisfizo la mitad del precio, en el entendido de que sería condueño de la casa de madera y de los derechos de arrendamiento en el solar. No ha sido fácil la resolución de este conflicto. Nos inclinamos a creer la prueba del demandado a este respecto, principalmente a base de la declaración de Antonio Rosado, testigo aparentemente desinteresado, y quien declaró en forma que merecía crédito. Así resuelto el conflicto, resulta que Celestino es condueño de una mitad pro indivisa de la casa que existía en el solar, y de los derechos que confería el contrato de arrendamiento, y que Salvador es dueño en pleno dominio del solar.

"Al adquirir Salvador el dominio del solar, pudo dar por terminado en cuanto a Celestino se refiere, el contrato de arrendamiento (artículo 1461, Código Civil, Ed. de 1930), pero no aparece que así lo hubiese hecho. Su demanda no se basa en esa teoría. Por otra parte, desconocemos los términos del contrato de arrendamiento, por lo que no podemos determinar los derechos del demandante y demandado de acuerdo con dicho contrato. En esa situación, y en vista de que el demandado es dueño en común pro indiviso de la casa que ocupa, es claramente improcedente una sentencia condenándole a restituir la casa, o la parte del solar que ocupa la casa, al demandante.

"Por los motivos expuestos, debe dictarse sentencia declarando sin lugar la demanda, con las costas."

Al resolver la moción de reconsideración radicada por el demandante, la corte de distrito se expresó así:

"Se nos pide la reconsideración de nuestra sentencia de abril 6 de 1942, pero lo que en esencia se solicita es la aclaración de ciertos conceptos de la opinión en que se basó la sentencia. Como dijimos

en la opinión, el demandante demostró ser único dueño del solar. El demandado es condueño, junto con el demandante de la casa que en dicho solar posee el demandado. En nuestra opinión no pretendimos resolver, ni resolvimos, que el demandado tenga derecho alguno en el solar. Lo controversia giró en torno a la casa únicamente, y la resolvimos a favor del demandado por estimarlo condueño de la misma."

La única cuestión substancial envuelta en este caso es el alegado error de la corte de distrito al pesar la prueba. Sin embargo, éste es un caso típico de conflicto de prueba. La corte inferior dió crédito a la del demandado, que fué corroborada por Antonio Rosado, ministro protestante, y vendedor de la casa y del arrendamiento aquí envueltos. Bajo tales circunstancias, no estaríamos justificados para intervenir con la sentencia dictada por la corte de distrito.

*La sentencia y la resolución apeladas serán confirmadas.*